UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LINDSEY DORIN, | ) |
| | ) |
| Plaintiff, | ) Case No. 3:13-CV-00666-CL |
| | ) |
| v. | ) FINDINGS AND RECOMMENDATION |
| | ) |
| CAROLYN L. COLVIN, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Merrill Schneider, Schneider Kerr & Gibney Law Offices, P.O. Box 14490, Portland, OR 97293. Attorney for Plaintiff.

S. Amanda Marshall, United States Attorney, and Ronald K. Silver, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204-2902; Courtney Garcia, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104-7075. Attorneys for Defendant.

**MARK D. CLARKE, Magistrate Judge.**

Plaintiff Lindsey Dorin ("plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). Because the Commissioner's decision is supported by substantial evidence, the decision is **AFFIRMED**.

## BACKGROUND

Born in August, 1980, plaintiff was 28 years old on the alleged disability onset date of March 31, 2009. Tr. 126. Plaintiff graduated from high school and has past work experience as a sales clerk, an administrative assistant, and a deli worker. Tr. 64-66. She filed applications for DIB and SSI on April 1, 2010, alleging disability due to pancreatic pseudocyst and acute and chronic pancreatitis. Tr. 224.

The Commissioner denied plaintiff's application initially and upon reconsideration, and she requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 80-83, 86-88. After an administrative hearing, held on March 8, 2012, ALJ Rudolph Murgo issued a decision finding plaintiff not to be disabled. Tr. 24-37. The Appeals Council denied plaintiff's subsequent request for review on February 26, 2013, making the ALJ's decision the final Agency decision. Tr. 1-6; 20 C.F.R. §§ 416.1481, 422.210 (2014). This appeal followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. § 404.1520 (DIB); 20 C.F.R. § 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). The five-step sequential process asks the following series of questions:

 1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving

Page 2 – FINDINGS AND RECOMMENDATION

significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds beyond step three. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

See also *Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

Page 3 – FINDINGS AND RECOMMENDATION

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert,* 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett,* 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante,* 262 F.3d at 953-54; *Tackett,* 180 F.3d at 1099.

## THE ALJ'S FINDINGS

The ALJ performed the sequential analysis. At step one, he found that plaintiff had not engaged in substantial gainful activity after her alleged onset date. Tr. 26. At step two, the ALJ found plaintiff had the following severe impairments: pancreatitis, pancreatic pseudocyst, chronic pain disorder, and alcohol abuse. Tr. 27. At step three, the ALJ found that plaintiff's impairments did not meet or medically equal a listed impairment. *Id.*

The ALJ next assessed plaintiff's residual functional capacity ("RFC") and determined that plaintiff retained the ability to perform sedentary work with the following limitations: she could lift and/or carry ten pounds occasionally and less than 10 pounds frequently; she could not climb ropes, ladders or scaffolds; she had no limits on balance; she could not more than occasionally crouch, crawl, stoop, kneel and climb ramps or stairs; and she would be absent two or more days a month based on her impairments, treatment or side effects from medication. Tr.

Page 4 – FINDINGS AND RECOMMENDATION

27-28. Finding that plaintiff's symptoms and limitations were exacerbated by her alcohol abuse, however, the ALJ proceeded to assess plaintiff's RFC for the counterfactual scenario in which she refrained from substance abuse. Tr. 30. The ALF concluded that if plaintiff refrained from abusing substances, she would have the RFC to perform the full range of sedentary work. *Id.* Under this second RFC, the ALJ determined that plaintiff could return to her past relevant work as an administrative clerk and as a dispatcher. Tr. 36. The ALJ accordingly found that plaintiff is not disabled. Tr. 37.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Bray v. Comm'r,* 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this court may not substitute its judgment for that of the Commissioner. *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation

marks omitted)). The reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Orn,* 495 F.3d at 630; *see also Bray,* 554 F.3d at 1226-26 (citing *SEC v. Chenery Corp.,* 332 U.S. 194, 196 (1947)).

## DISCUSSION

Plaintiff argues that the ALJ erred by: (1) improperly evaluating her credibility, and (2) improperly evaluating the materiality of her alcohol abuse. For the reasons discussed below, the ALJ's opinion should be affirmed.

Credibility

Plaintiff contends that the ALJ failed to provide specific, clear, and convincing reasons for rejecting her testimony about the nature and extent of her impairments. In particular, plaintiff disputes the argument that her daily activities are inconsistent with her hearing testimony and that she made inconsistent statement that undermined her credibility. Pl.'s R. Br. 7.

In assessing the credibility of a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ engages in a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929. First, the ALJ determines whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). If such evidence exists, and barring affirmative evidence of malingering, the ALJ must give clear and convincing reasons for discrediting the claimant's testimony regarding the severity of the symptoms. *Id.* at 1284; *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). If the record contains affirmative evidence of malingering, the ALJ need only provide specific and legitimate reasons for an adverse credibility finding. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ may consider many factors in weighing a claimant's credibility, including: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Where the ALJ's credibility findings are supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). However, a general assertion that plaintiff is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *see also Morgan*, 169 F.3d at 599.

At the hearing before the ALJ, plaintiff testified that she was unable to work because of her pain, poor memory and concentration, and lack of stamina. Tr. 75. She testified that she manages her pain using a fentanyl patch, sugar point injections, oxycodone, amitriptyline, and muscle relaxers. Tr. 67-68. She stated that she can sit for about 3 or 4 hours with breaks and that sitting puts a lot of pressure on her pancreas. Tr. 68. She testified that she can only be "up and about" for two hours, so long as she could lie down for the rest of the day. *Id.* Plaintiff reported that her symptoms greatly improved after a surgery to drain her pancreatic pseudocyst in June of 2010. Tr. 77, 639. Plaintiff also reported that she ceased drinking alcohol in March of 2009. Tr. 546.

The ALJ considered plaintiff's statements in light of the entire record and concluded that plaintiff was not credible. Tr. 25-27. First, the ALJ noted that plaintiff's credibility was undermined by her inconsistent statements about alcohol use. Tr. 31, 36. The ALJ is entitled to

Page 7 – FINDINGS AND RECOMMENDATION

use ordinary techniques of credibility evaluation, including consideration of "inconsistencies in [the] claimant's testimony." *Tommasetti*, 533 F.3d at 1039; *Burch*, 400 F.3d at 680. Inconsistent statements by a claimant provide a specific, clear and convincing reason to discount her credibility. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001); SSR 96-7p, *available at* 1996 WL 374186, at *5. Here, for example, the record shows that in September, 2009, plaintiff reported to a medical provider that she had not consumed alcohol after March, 2009, shortly after her diagnosis of pancreatitis. Tr. 364. The ALJ noted that plaintiff told a medical provider in 2010 that she had not consumed alcohol since April, 2009. Tr. 36, 645. In October, 2010, plaintiff reported to John Ellison, M.D., that she had last consumed alcohol in 2008. Tr. 36, 639. The record, however, reflects that plaintiff's last reported use of alcohol was in late fall of 2009. Tr. 36, 507-08. By noting her inconsistent statements regarding her alcohol use and alleged date of cessation, the ALJ provided a clear and convincing reason to discount plaintiff's credibility.[1] *Tonapeytan*, 242 F.3d, 1148.

Second, the ALJ found that plaintiff quit her last job for reasons unrelated to her impairments. Tr. 35-36. The fact that a claimant stopped work for reasons other than her impairments is a legally sufficient basis to disregard her testimony. *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001). Here, plaintiff testified that she left her 5-year employment with the Oregon Department of Transportation because she became pregnant and relocated from Salem to Tillamook. Tr. 36, 66-67. The fact that plaintiff's alleged symptoms did not directly cause her to leave her job is a proper consideration in the ALJ's credibility evaluation and a sufficient basis to reject plaintiff's testimony. *Bruton*, 268 F.3d at 828.

---

[1] Plaintiff disputes the ALJ's interpretation of the evidence, offering an alternative explanation of the evidence cited in his opinion. To the extent that plaintiff offers an alternative interpretation of the evidence, however, it is insignificant because the Commissioner's interpretation is a rational reading of the record. *Sample*, 694 F.2d at 642.

Page 8 – FINDINGS AND RECOMMENDATION

Third, the ALJ found that plaintiff's testimony was contradicted by her daily living activities. Tr. 31. Conflict between a claimant's testimony and her daily living activities is a clear and convincing reason for rejecting the claimant's credibility. *Tommasetti*, 533 F.3d at 1039. Here, the ALJ found plaintiff's assertion that she was unable to function or engage in any sort of meaningful activity was not credible in light of the fact that she cared for and managed several young children. Tr. 32, 63, 646. Plaintiff reported that she did laundry, went shopping, took her children to the library, walked daily, and denied problems with dressing or bathing herself. Tr. 32, 646. Treatment notes regarding her abilities and activities indicate a steady improvement in functionality. *See* Tr. 688, 695, 717, 721, 723, 728, 732, 739. On this record, it was reasonable for the ALJ to conclude that plaintiff exaggerated the nature and severity of her limitations. The ALJ thus provided further reason for rejecting plaintiff's testimony. *Tommasetti*, 533 F.3d at 1039.

On this record, the ALJ reasonably concluded that plaintiff's testimony regarding the severity of her limitations was not credible because it conflicted with objective medical evidence in the record.[2] *Carmickle v. Comm'r*, 533 F.3d 1155, 1161 (9th Cir. 2008). Because the ALJ provided valid clear and convincing reasons for rejecting plaintiff's testimony, any error in his credibility assessment is harmless. *Carmickle*, 533 F.3d at 1162-63. The ALJ's credibility finding should be affirmed.

**Materiality of Substance Abuse Disorder**

Plaintiff next argues that the ALJ erred by finding that she would not be disabled if she refrained from alcohol abuse. Pl.'s Br. 10; *see* Tr. 37. The ALJ must determine whether a claimant's substance use "is a contributing factor material to the determination of disability." 20

---

[2] While plaintiff provides an alternative explanation of the record evidence consistent with her credibility, plaintiff's reading of the record is insignificant because the Commissioner's interpretation is rational. *Sample*, 694 F.2d at 642; *Burch*, 400 F.3d at 679.

Page 9 – FINDINGS AND RECOMMENDATION

C.F.R. §§ 404.1535, 416.935(a). If a substance use disorder is material to a finding of disability, then the claimant may not be found disabled under the Act. 42 U.S.C. §§ 423(d)(2)(c) ("An individual shall not be considered disabled ... if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled"), 1382c(a)(3)(J).

Here, the ALJ found that plaintiff's substance abuse was "a contributing factor material to the determination of disability." Tr. 37; *see* 42 U.S.C. §§ 423(d)(2)(c), 1382c(a)(3)(J). In support of this finding, the ALJ reviewed the medical evidence and noted first that plaintiff's pancreatitis was exacerbated by her use of alcohol. Tr. 28-29, 374. The ALJ credited the testimony of medical expert Wil Nelp, M.D., that surgery on plaintiff's pancreatic cyst provided "fairly definitive treatment," improved plaintiff's pancreatic function, and relieved some of her pain. Tr. 55-56. Dr. Nelp opined that plaintiff's pancreatic function also improved after she stopped drinking, and that her symptoms were "most likely alcohol induced." Tr. 56. Further, the ALJ credited evidence from treating physician Dawna-Marie Fixott, M.D., who opined in April, 2009 that plaintiff was doing well and getting her pain under control. Tr. 32, 368. Dr. Fixott also noted that in only a few days after ceasing drinking, plaintiff's liver enzymes returned to normal. *Id.* On this record, it was rational for the ALJ to conclude that plaintiff's alcohol abuse was a material factor in the disability determination. 42 U.S.C. §§ 423(d)(2)(c), 1382c(a)(3)(J).

Plaintiff does not contest the medical evidence cited by the ALJ, but rather argues that her symptoms were at their worst in 2011, two years after she quit drinking. Pl.'s R. Br. 4. She points out that no evidence in the medical record shows that plaintiff drank alcohol after 2009. *Id.*; Tr. 401, 507-08, 546, 645. Therefore, plaintiff argues, her alcohol use was not material to

Page 10 – FINDINGS AND RECOMMENDATION

her alleged limitations; her symptoms continued "even after two surgical interventions, and nearly two years of sobriety." *Id., citing* Tr. 677. Plaintiff cites treatment notes from April 11, 2011, which state that she was "[q]uite limited," and that her "quality of life and function" were "poor." Tr. 677-78. Notes from that same office visit, however, reveal that plaintiff's sleep was "better" and that her ovarian pain had "improvement." Tr. 676. The April 11, 2011 treatment note also indicates that plaintiff was expected to begin a new pain management regimen. *Id.*

Treatment notes from April 22, 2011, however—a mere 11 days after the evaluation cited by plaintiff—indicate the following: plaintiff's chronic right epigastric pain had "improved," her chronic low back pain was "improved some," her pain-associated insomnia had "improved," and her depression was stable. Tr. 686. In May, 2011, plaintiff's husband reported to treatment providers that plaintiff was more functional, doing housework and exercising regularly. Tr. 688. This evidence suggests that plaintiff was not consistently debilitated by her symptoms after she stopped drinking in 2009. Accordingly, it was rational for the ALJ to find that plaintiff's symptoms in 2011 were not disabling, and that her alcohol abuse was thus a material factor in the disability analysis.[3] While plaintiff contests the ALJ's interpretation of the medical record, variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record. *Sample*, 694 F.2d at 642; *Burch*, 400 F.3d at 679.

In sum, based on the medical record as a whole, the ALJ reasonably concluded that plaintiff's functioning improved significantly in the absence of alcohol use. The Court thus rejects plaintiff's interpretation of the record, as well as her argument that the ALJ's materiality finding conflicts with the medical evidence. *Sample*, 694 F.2d at 642. The ALJ's conclusion

---

[3] The ALJ also noted that the objective medical evidence did not substantiate plaintiff's complaints of back pain after her alleged alcohol cessation date. Tr. 32-33. For example, a January, 2011 treatment note reveals that plaintiff's chronic pain was "better" on medication, and that her moods were better. Tr. 670.

Page 11 – FINDINGS AND RECOMMENDATION

that plaintiff would not be disabled if she refrained from using alcohol was supported by substantial evidence and should therefore be affirmed.

## CONCLUSION

The ALJ's conclusion that plaintiff is not disabled is supported by substantial evidence and should be AFFIRMED.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. FED. R. CIV. P. 72, 6.

Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this ____ day of May, 2014.

_____
MARK D. CLARKE
United States Magistrate Judge